IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-82511 |
| | ) | |
| JAMES DENNIS SEVERA and | ) | CH. 11 |
| JULIE ANNE OTTEN, | ) | |
| | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on March 4, 2013, regarding Fil. #621, Motion to Modify Adequate Protection Payments, filed by the debtors; Fil. #637, Resistance, filed by Lincoln Federal Savings Bank of Nebraska; Fil. #638, Motion for Relief from Stay, filed by Lincoln Federal Savings Bank, Fil. #689, Resistance, filed by the debtors; Fil. #12, Motion for Relief from Stay, filed by Lincoln Federal Savings Bank and Fil. #26, Resistance, filed by the debtors. David Hicks appeared for the debtors, Richard Garden appeared for Lincoln Federal Savings Bank of Nebraska, Howard Duncan appeared for the Unsecured Creditors Committee and Jerry Jensen appeared for the U.S. Trustee.

Shortly after this Chapter 11 case was filed, creditor Lincoln Federal Savings Bank of Nebraska ("Lincoln Federal") filed a motion for relief from the automatic stay. At that time, Lincoln Federal was a secured creditor with liens on twenty-four different rental properties owned by the debtors. The debtors had not been making payments and Lincoln Federal moved for relief to pursue foreclosures.

The debtors and Lincoln Federal entered into a stipulation to settle the motion for relief. The stipulation is on the docket at Fil. #33. It provides for granting relief from the stay with regard to certain properties, gives Lincoln Federal rights to certain insurance claims and permits Lincoln Federal to proceed with a scheduled trustee's sale of certain surrendered properties.

The stipulation then provides for adequate protection payments to be made in the amount of $20,000 per month and permits Lincoln Federal to apply those payments in such order and to such obligations as Lincoln Federal shall, in its sole discretion, determine (Fil. No. 33 at 17, ¶ 7). It further provides that the debtors shall maintain property and casualty insurance; promptly pay post-petition real estate taxes, personal property taxes and assessments on or against retained property; maintain in good condition and repair all of the retained property; permits Lincoln Federal to inspect the properties and audit maintenance logs; requires the debtors to deposit to a segregated account all security deposits for and all rents generated by the retained property; permits the debtors to use cash collateral to pay operating expenses in an approved budget; and requires the debtors to provide monthly financial reports.

The stipulation identifies events of default. One of the events of default found at paragraph 15c, page 21, is "Any attempt by the Debtors to modify this Stipulation without the express written consent of Lincoln Federal."

Paragraph 16, pages 21 and 22, describes the effect of an event of default. If an event of default is not cured within the time provided in paragraph 16

. . . then the automatic stay of 11 U.S.C. § 362(a) as well as each and every stay or injunctive provision of the Bankruptcy Code shall be deemed terminated with respect to the Retained Property. In the event that the automatic stay is terminated as set forth herein, Debtors will, upon request by Lincoln Federal immediately surrender possession of the Retained Property and all rents, leases, and security deposits associated therewith.

The debtors appear to have complied with each requirement listed in the stipulation although there is a dispute concerning whether they have kept the properties in good repair. Through counsel, the debtors requested Lincoln Federal to permit modification of the stipulation by reducing the adequate protection payments from $20,000 per month to $12,000 per month. Lincoln Federal declined the request. Thereafter, at Fil. #621, the debtors filed a motion to modify adequate protection payments. The motion, at paragraph 5, lists what the debtors believe are substantial changes in circumstances warranting a reduction in the monthly cash payment portion of Lincoln Federal's adequate protection. At paragraphs 5(j) and 6, the debtors argue that the reduced adequate protection payments will give them a cash flow which will enable them to repair some of the properties on which Lincoln Federal has liens and permit them to increase tenant occupancy to benefit all parties in interest.

Shortly after the motion was filed, Lincoln Federal provided written notice to counsel for the debtors that such a motion was an attempt to modify the stipulation and was an event of default. The notice gave the debtors a certain amount of time to cure the default pursuant to the terms of the stipulation.

In response to the motion to modify the stipulation, Lincoln Federal did not file an objection, but instead filed a declaration of default at Fil. #631 and a motion for relief from automatic stay at Filing #638. A hearing on the motion to modify the stipulation was combined with a hearing on the notice of default and the motion for relief.

The debtors' evidence concerning the existence of changed circumstances since the entry of the stipulation is not convincing. The only circumstance that has really changed is that the debtors have sold a property, apparently not subject to the lien of Lincoln Federal, and netted $60,000. Assuming that the net amount of $60,000 is not subject to any liens, the debtors may use that amount to repair the properties. There is no legal or factual basis for permitting the debtors to modify the adequate protection payments at this time. The motion to modify the adequate protection payments is denied.

The request for an order terminating the automatic stay in favor of Lincoln Federal is also denied. The debtors have substantially complied with the terms of the stipulation. Although the stipulation states that any attempt to modify it without written permission from Lincoln Federal is considered an event of default automatically giving Lincoln Federal relief from the automatic stay, such provision will not be enforced. It gives unfettered discretion to Lincoln Federal, and, according to Lincoln Federal, it prohibits the debtors from attempting to obtain relief from the court, even if the debtors' circumstances significantly change. Although the stipulation was negotiated in good faith, and approved by this court, it is the function of the court to determine if there is cause for relief from the automatic stay. The parties cannot negotiate away the authority of the court or the right of a debtor in bankruptcy to request relief from the court.

In this case the debtors believed circumstances had changed which would justify a modification of the adequate protection payments. In an earlier section of this order, the court found no significant change and denied the request for modification. Other than the clause in the stipulation purporting to prohibit the debtors from requesting the court to modify the adequate protection payments, there is only disputed evidence regarding the number of rented units, the condition of some properties, and the cost to repair some units. Cause has not been shown for granting relief from the automatic stay.

IT IS ORDERED that the Motion to Modify Adequate Protection Payments, Fil. #621, is denied, the Motion for Relief from Stay, Fil. #12, is denied, and the Motion for Relief from Stay, Fil. #638, is denied.

DATED:     March 19, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *David Hicks
    *Richard Garden
    Howard Duncan
    Jerry Jensen

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.